IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LOUIS D. HAMRIC II

VS.                                CIVIL ACTION NO. 3:05CV767TSL-JCS
                                   CRIMINAL ACTION NO. 3:03CR89LS

UNITED STATES OF AMERICA


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Louis D. Hamric, II for relief pursuant to 28 U.S.C. § 2255. The government has responded by filing a motion to dismiss the § 2255 motion, and the court, having considered the parties' submissions, concludes that defendant's motion is not well taken and therefore due to be denied while the government's motion should be granted.

On November 25, 2003, defendant, pursuant to a plea agreement with the government, pled guilty to one substantive count of a multi-count indictment. Count 22, to which defendant entered his plea, charged him with engaging in a money laundering conspiracy, in violation of 18 U.S.C. § 1956.[1] Under the Memorandum of Understanding (MOU) and as explained to the court at the "change of plea" hearing, in exchange for Hamric's guilty plea, the government agreed that "at the time of sentencing, [it] [would] recommend to the Court that the Defendant be sentenced within the

---

[1] Defendant also pleaded guilty to count 58, a forfeiture count.

lowest end of the applicable sentencing guideline range as calculated by the Court." The MOU further provided (and the AUSA represented to the court) that if Hamric fully cooperated with and provided substantial assistance in support of the government's investigation of the money laundering conspiracy, it would make a motion, pursuant to 18 U.S.C. §§ 3553(e) and 5K2.2 of the Sentencing Guidelines, for, at least, a five-level departure from the guideline range determined by the United States Probation Office (USPO). Additionally, the agreement provided that, at the time of sentencing, if no adverse information had been received, the government would not oppose a two- or three-level downward departure, if recommended by the USPO. By paragraph 15 of the MOU, Hamric, among other things, waived both his right to appeal and to bring a petition founded upon § 2255.

Over a year later, on December 9, 2004, Hamric was sentenced by this court. On that date, Hamric appeared with counsel. At this hearing, the court heard from the government and Hamric's counsel on the government's motion for a five-level downward departure based on Hamric's substantial assistance with the government's investigation of the case. Prior to imposing Hamric's sentence, the court received testimony from one of the investigating agents and heard from the AUSA prosecuting the case on the issue of Hamric's degree of culpability in comparison to that of his previously sentenced co-defendant. Additionally, Hamric exercised his right of allocution and two of the victims of

his money-laundering scheme came forward to express their views on his crimes. During this hearing, the government did not make a recommendation that the court consider sentencing Hamric to the lowest end of the guideline range, nor did Hamric's counsel bring the government's failure in this regard to the court's attention.

Hamric's sentence was computed as follows:

> With regard to the computation of the guideline range, a base level of 6, an additional 20 levels due to the loss of amount, two level are added because the offense involved more than 10 but less than 50 victims. An additional two levels are added because the offense involved a sophisticated means, ending up with a base level of 30. There is an increase of two level because you are convicted under Section 1956. There is a two-level increase since the offense involved a sophisticated laundering. The offense level is increased by four levels because you were the leader of a criminal activity that was otherwise exhaustive. You are granted a three-level reduction to the offense level for acceptance of responsibility. And the total offense level then is [33]. . . .
> The government's motion is granted based on your substantial assistance in the investigation and prosecution of others involved in this case for a five-level downward departure for a total offense level of 28.
> The total of the criminal history points is 0 when you're in Criminal History Category 1. The guideline range for imprisonment is 78 to 97 months. The sentence of the court is an 86-month term of imprisonment.

On December 13, 2005, Hamric filed his current motion, contending, among other things,[2] that by failing to recommend to

---

[2] Hamric additionally argues that his retained counsel were ineffective for failing to raise the government's alleged breach during sentencing and for withdrawing an objection to the Presentence Investigation Report (PSIR). He further contends that relief is warranted because the court found sentencing factors to be established by a preponderance of the evidence and because the court mistakenly believed that it did not have the authority to grant a downward departure in excess of the five levels sought by

the court at sentencing that he be sentenced to the lowest end of the applicable guideline range, the government breached its obligations under the MOU.  He contends that this breach entitles him to specific performance of the plea agreement before another judge.  For its part and by its motion to dismiss, the government urges that relief is due to be denied because, under the terms of the MOU, Hamric waived his right to seek relief via a § 2255 motion.  It further argues that the motion is without merit, in any event, because Hamric cannot prove that the court would have imposed a different sentence had the AUSA made the recommendation as set forth in the MOU.

Initially, as to the government's argument that Hamric has waived his right to bring a § 2255 motion, it is clear that if the government "has breached . . . a plea agreement, the defendant is necessarily released from a[] [2255] waiver provision contained therein."  United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) (citing United States v. Keresztury, 293 F.3d 750, 755 (5th Cir. 2002)).  Moreover, "[i]f the government breached its plea agreement, [Hamric] may seek one of two remedies:  (1) specific performance, requiring that the sentence be vacated and that a different judge sentence the defendant; or (2) withdrawal of the

---

the government, though the facts warranted a greater departure. The court need not reach these issues as it is clear that, under the MOU, Hamric has waived his right to assert these claims via a § 2255 motion.

4

guilty plea." Id. As set forth above, Hamric seeks specific performance of the sentence before another judge.

As Hamric correctly points out in his motion:

> The principles governing the government's obligation to honor the terms of a plea agreement are well-settled. If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises. United States v. Kerdachi, 756 F.2d 349, 351-52 (5th Cir. 1985). Furthermore, when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971). In determining whether the terms of a plea agreement have been violated, the court must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement. United States v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991).

United States v. Valencia, 985 F.2d 758, 760-61 (5th Cir. 1993).

Here, Hamric maintains that his guilty plea rested to a significant degree on this promised recommendation such that it was an inducement to his decision to plead guilty. The government does not dispute Hamric's assertion in this regard, but instead, takes the apparent position that because it informed the court that the MOU contained this term during the "change of plea" hearing, it satisfied its obligation under the MOU. While this reference did not satisfy the government's obligation under the MOU, the court does observe that the PSIR, presented to the court after review by both the government and defense counsel, did advise the court as to the pertinent aspects of the MOU and thus, the court was aware of the government's obligation in this

5

regard.[3]  Accordingly, the court cannot conclude that the government's technical failure to raise the issue at sentencing is inconsistent with the defendant's reasonable understanding of the agreement.  Furthermore, as there was no breach of the MOU and as Hamric's remaining grounds for relief do not undermine the validity of his plea agreement, the waiver of his right to seek relief by § 2255 is to be upheld and this motion will be dismissed.  United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002) (waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel).

Based on the foregoing, it is ordered that defendant's motion is denied and that the government's motion to dismiss is granted.

SO ORDERED, this 6th day of November, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that the PSIR does erroneously reflect that, under the terms of the MOU, the government was to seek a three-level departure and was to recommend that Hamric be sentenced within the lower 25 percent of the applicable guideline range.  The court, however, was apprised of the errors by a copy of a letter from Hamric's counsel which was attached to the PSIR.