```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

LOUIS D. HAMRIC II

VS.                           CIVIL ACTION NO. 3:05CV767TSL-JCS
                              CRIMINAL ACTION NO. 3:03CR89LS

UNITED STATES OF AMERICA

## ORDER

This cause is before the court on the motion of defendant Louis D. Hamric, II for relief from order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The government opposes the motion, and the court, having considered the parties' submissions, concludes that defendant's motion is not well taken and therefore is due to be denied.

On November 12, 2005, defendant, who was apparently proceeding pro se, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] On February 10, 2006, the government responded in opposition to the motion and moved to dismiss; thereafter, on November 7, 2006, the court entered an order

---

[1] Hamric signed the § 2255 motion and the memorandum offered in support of the motion. This being said, the government directs the court's attention to docket entry no. 113, a November 9, 2005 letter from Timothy Perkins to the clerk of the court, stating that Hamric had asked him to file the motion and brief on his behalf and requesting that a certificate of service which was originally omitted be attached to the motion. The docket reflects that Perkins filed an entry of appearance in the case on December 12, 2007.

denying the motion to vacate and granting the government's motion to dismiss.  While a copy of the court's memorandum opinion and order denying the § 2255 motion was docketed in both the criminal action, 3:03CR89LS, and in the civil action, 3:05CV767TSL-JCS, the court did not enter a separate judgment under Rule 58 of the Federal Rules of Civil Procedure.  Pursuant to the clerk of the court's regular practice, a copy of the memorandum opinion and order was presumably mailed to Hamric at the last known address provided to the court.  The record reflects that no notice of appeal has been filed.

    The motion now before the court, filed by counsel Timothy Perkins, recites that in the course of representing him in another civil matter, he (Perkins) was asked to check the status of Hamric's § 2255 motion and discovered that the motion had been denied.[2]  Correctly concluding that Hamric does not qualify for relief pursuant to Rules 4(a)(5) or (6) of the Federal Rules of Appellate Procedure,[3] as the relevant time periods have elapsed,

---

    [2]    In his affidavit offered in support of the motion, Hamric states that he hired counsel to determine the status of the matter, having failed to receive a ruling from the court on his § 2255 motion.

    [3]    Because the court did not file a separate document, by operation of Rule 58(b)(2)(B), judgment was entered on Monday, April 9, 2007.  Thus, a timely motion for an extension of time to file a notice of appeal, under Federal Rule of Appellate Procedure 4(a)(5), was due on or before June 8, 2007, and a timely motion under Rule 4(a)(6) to reopen time to file an appeal was due on or before October 6, 2007.

Hamric urges that, under Rule 60(b)(6), the court should vacate its November 7, 2006 order denying relief and reissue the order so as to restart the time for filing a notice of appeal. Hamric cites Fidelity & Deposit Co. v. USAFORM Hail Pool, Inc., 523 F.2d 744, 750-51 (5th Cir. 1975), in support of his motion.

For its part, the government maintains that Fed. R. App. P. 4(a)(5) and 4(a)(6) trump Rule 60(b), and because Hamric has conceded that he failed to timely seek relief under either of those rules, his motion is due to be denied.  While it may be that a motion pursuant to Rule 60(b)(6) is no longer available as a procedural vehicle to restart the appeal clock,[4] even were it a viable option, the court would not grant relief.

In Fidelity & Deposit Co., the Fifth Circuit case cited by Hamric in support of his motion, the district court held a hearing on a dispositive matter, taking the case under advisement.  Id. at 747.  During the pendency of the matter, counsel for Fidelity made repeated inquiries to the court regarding the court's ruling and was eventually told that "no further inquiry should be made because the clerk would notify the parties of the judgment when it was entered."  Id. at 748.  Six months after taking the matter under advisement, the court entered judgment in the case, which

---

[4]    See, e.g., Patrick v. Cockrell, 34 Fed. Appx. 150 (5th Cir. March 13, 2002) ("Where the 'excusable neglect' of a party results in failure [to] timely [] file an appeal, the more specific language of rule 4(a)(5) must govern over the more general language of rule 60(b)(6).")

3

was docketed by the clerk of the court that same day. Id. The clerk, however, failed to notify either of the parties of the entry of judgment as required by Rule 77(d). Id. Six days after learning that judgment had been entered against it, Fidelity filed, among other things, a motion pursuant to Rule 60(b)(6). Id. This motion was filed one hundred and nine days after judgement had been entered. Id.

The district court granted the motion, and on appeal, the Fifth Circuit concluded that the district court "acted properly in vacating and reentering the judgment." Id. at 751. Specifically, the court stated:

> In these circumstances, more is involved than the mere failure of the clerk to discharge his duty under F.R. Civ.P. 77(d). There was no prejudice to either side, because neither side knew of the entry of judgment. Counsel promptly filed notice of appeal after the action of the district court vacating and reentering its judgment. Indeed, counsel at all times acted diligently, and relied upon an express assurance from the district court that they need not continue their inquiries.

Here, even assuming arguendo, that the clerk failed to notify Hamric of the order denying relief, this is not a situation where neither side knew of the judgment, nor is it one in which the court's staff induced Hamric to rely solely on notice from the clerk so as to excuse Hamric from his obligation as a litigant to periodically inquire with the clerk of the court regarding the status of his case. Nor is the court persuaded that Hamric acted promptly after finally receiving notice of the court's November 7,

4

2006 order.[5]  Under these circumstances, the court, in its discretion, is not persuaded that relief is warranted and will therefore deny defendant's motion.

Based on the foregoing, it is ordered that defendant's motion for relief from order pursuant to Rule 60(b) is denied.

SO ORDERED, this the 5th day of February, 2008.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[5] As the government points out, in his affidavit executed on November 26, 2007, Hamric recites that he received notice of the order in "November 2007." Assuming that he received notice on the day that he executed the affidavit, the motion still was not filed for two more weeks.